**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In Re:   Pamela M. Brown          :
               Debtor(s)          :   Case No.   16-10695-mdc
                                  :   Chapter    13
                                  :

**FIRST AMENDED PLAN**

**DEBTOR'S CHAPTER 13 PLAN**

*YOUR RIGHTS WILL BE AFFECTED*

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

The debtor will seek a discharge of debts pursuant to Section 1328(a).

**1.   PLAN FUNDING AND LENGTH OF PLAN**

The plan payments by the debtor shall consist of the total amount previously paid ($1,650.00) added to the new monthly payment in the amount of $362 for the remaining 54 months of the plan, for a total base amount, as amended, of $21,198.

The payment amount shall change effective September 1, 2016.

The debtor shall take appropriate action to ensure all wage attachment payments are adjusted to conform to the terms of the amended plan.

**2.   SECURED CLAIMS**

**A.   Adequate Protection Payments under Section 1326**

Adequate protection payments in the following amounts will be paid by the debtor to the trustee. The trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor.

| Name of Creditor | Description of Collateral | Amount of Claim |
|---|---|---|
| **N/A** | | |

**B.** **Mortgage and Other Direct Payments by Debtor**

Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of Collateral | Amount of Claim |
|---|---|---|
| **US Bank, as Trustee for PHFA (1st Mortgage)** | 75 E. Church Lane, Philadelphia, PA | **Monthly loan payment as determined by mortgage company/servicer** |
| **PHFA (2nd Mortgage)** | 75 E. Church Lane, Philadelphia, PA | **Monthly loan payment as determined by mortgage company/servicer** |
| **City of Philadelphia (Water)** | 75 E. Church Lane, Philadelphia, PA | **By Account** |
| **Philadelphia Gas Works** | 75 E. Church Lane, Philadelphia, PA | **Arrears by Account Billing** |

**C.** **Arrears**

| Name of Creditor | Description of Collateral | Amount of Claim |
|---|---|---|
| **US Bank, , as Trustee for PHFA (1st Mortgage)** | 75 E. Church Lane, Philadelphia, PA | **$19,116.19** |

**D.** **Secured Claims Paid According to Modified Terms**

These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as 'No Value" in the "Modified Principal Balance" column below will be treated as an unsecured claim. **A motion and/or an adversary proceeding, as appropriate shall be filed under section 506(a) to determine the extent, validity and priority of the lien or interest.**

| Name of Creditor | Description of Collateral | Amount of Claim |
|---|---|---|
| **N/A** | | |

2

Case 16-10695-mdc Doc 29 Filed 08/16/16 Entered 08/16/16 12:27:29 Desc Main
Document Page 3 of 5

**E.** **Other Secured Claims**

| Name of Creditor | Description of Collateral | Amount of Claim |
|---|---|---|
| **N/A** | | |

**F.** **Surrender of Collateral**

| Name of Creditor | Description of Collateral Surrendered |
|---|---|
| **N/A** | |

**G.** **Lien Avoidance**

The debtor will move to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
| **N/A** | |

### 3. PRIORITY CLAIMS

**A.** Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| **N/A** | |

**B.** Administrative Claims:

    1. Trustee Fees: Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

    2. Attorney Fees: No retainer has been paid, and no fee will be paid from the Debtor under the plan.

### 4. UNSECURED CLAIMS

**A**. **Claims of Unsecured Non-priority Creditors Specially Classified**: Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reasons for Special Classification | Amount of Claim |
|---|---|---|
| **N/A** | | |

**B.     Claims of General Unsecured Creditors:** The debtor estimates that no money will be available for distribution to unsecured creditors. The debtor calculates that a minimum of no amount must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtor calculates that no minimum amount must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

**C.     Funding:** If any funds are or become available, the funds will be distributed pro-rata.

## 5.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Monthly Payment | Arrears | Total Claim | Assume/Reject |
|---|---|---|---|---|
| **N/A** | | | | |

## 6.     ORDER OF DISTRIBUTION

Payments from the plan will be made by the trustee in the following order:

Level 1: Adequate protection payments.
Level 2: Domestic Support Obligations.
Level 3: Priority claims, pro rata.
Level 4: Secured claims, pro rata.
Level 5: Specially classified unsecured claims.
Level 6: General unsecured claims, pro rata.

## 7.     REVESTING OF PROPERTY

Property of the estate will vest in the debtor upon closing of the case.

## 8.     GENERAL PLAN PROVISIONS

**A.**     Any proof of claim or amendment thereto filed by a creditor after confirmation will be untimely and disallowed.  The provisions of this plan setting the amount of any creditor's allowed claim, secured, administrative, or unsecured, will govern over any conflicting amount indicated in proofs of claim filed by the creditor unless the amount indicated in the proof of claim is lower than the amount set in the plan.

**B.**     No creditor shall enter or cause to be entered any adverse or derogatory information on a credit report or provide adverse or derogatory information to a credit reporting agency as long as the Debtor is performing in compliance with this plan.

**C.** Upon confirmation of this plan, no creditor may assess against the Debtor or Debtor's estate any claim for attorney fees and/or collection costs arising during the plan, except as authorized by contract and upon approval of the Court after notice to Debtor. Unless approved by the Court for payment under this Paragraph, Debtor shall have no liability for any such fees and costs arising during the plan, and there shall be no in rem liability against property held at any time by Debtor's estate. Any application for approval of fees or costs under this Paragraph shall meet the requirements of Fed. R. Bankr. P. 2016(a).

**D.** In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

Date:  August 16, 2016             Signed:  /s/ Jennifer Schultz
                                            Attorney for the Debtor(s)

                                            Jennifer Schultz, Esquire
                                            Community Legal Services, Inc.
                                            Law Center North Central
                                            1410 W. Erie Avenue
                                            Philadelphia, PA 19140
                                            Tel.: (215) 227-2400 x 2420